The case is sufficiently stated in the opinion of the court, by
Mr. Justice TukNek.
This case comes before us by a writ of error from the circuit court of Hinds county. The plaintiff assigns fourteen errors, which are as follows, to wit:
1. That the original writ of venire facias, returnable to the term of the circuit court of Hinds county, Mississippi, and the same at which the bill of indictment in this case was found, does not command the sheriff of Hinds county to summon such a number of good and lawful men, citizens and freeholders and householders of said county.
2. That the said writ is not under the seal of said court.
*731 3. That the said sheriff does not, in his return, show that the persons summoned by him as jurors, were citizens of the county of Hinds, in said state.
4: That part of the grand jurors were not legally summoned by any writ of venire facias with or without seal, but made up of the by-standers by mere verbal authority.
5. That the plea to the venire facias ought to have been sustained, and not overruled, as it was by the court.
6. That the special venire facias issued in this case, was not under the seal of the court.
7. That the said special venire facias does not command the sheriff to summon one hundred good and lawful men, citizens and freeholders and householders of Hinds county.
8. That the return of the sheriff on the special venire, does not show that the jury summoned by him were good lawful men, citizens of said county, and freeholders and householders.
9. That there is no one marked as a prosecutor on said bill of indictment, except by mere intendment.
10. That the foreman of the grand jury cannot rightfully mark his name on the back of a bill of indictment found and endorsed, or to be found and endorsed by him, a true bill.
11. That the record no where shows that the bill of indictment was found by the grand jury, on any evidence whatever, from witnesses sworn at the clerk’s table, and sent to them by order of the court or otherwise.
s12. That the prisoner, on his trial, was by the court deprived of his right of challenge for partiality in the juror Lord Ware, who said he had formed and expressed an opinion, from rumor, as to the guilt or innocence of the prisoner, and of several others in the same situation, and was compelled to challenge them peremptorily.
13. That the court erred in not arresting the judgment in this case.
14. That there is manifest error in this, that the court overruled the motion for a new trial.
The first eight of these assignments of error, relate to the venire facias and matters appertaining thereto; none of which do we consider sufficient to arrest or reverse the judgment.
The act of 1836, found in Hut. & How. Statute Laws of Mis *732 sissippi, p. 498, sec. 67, provides, that “hereafter no challenge to the array shall be sustained, nor shall any venire facias be quashed by any court of justice in this state for any cause whatsoever; provided, however, that in capital cases a nj special venire facias .may be quashed, for partiality or corruption in the officer summoning the jury, by virtue of such special venire facias, but for no other cause whatsoever.”
This statute has received the judicial construction of this court, in the cases of Hare v. The State, and other cases decided at the last January term; and according to those decisions, there is no error in this record, as to the venire. The proceedings appear to have been regular, according to law, and the usage of the court. The usual mode of drawing took place, a venire facias issued, and was returned, and a grand jury was drawn, a foreman appointed, and they were all sworn. It is true, there appears to have been a deficiency of jurors in attendance, and the court ordered the sheriff to summon others, from the by-standers. We perceive no irregularity in this course of proceeding, and the prisoner appears to have had a fair trial by a jury of the county. If on the trial a person should be called, to be sworn on the jury, the prisoner, as well as the state, has a right to challenge the juror, and try the matter before the court, and if the court makes an illegal decision, it should appear by a bill of exceptions taken at the time. None such appears in the record. The plea filed to the venire was overruled, as it was contrary to the statute above cited.
The 9th assignment of error, and the 10th states that there was no prosecutor marked on the indictment, except by mere intendment, and that the foreman of a grand jury cannot rightfully be a prosecutor in the case.
It appears by the record, that Edwin Shumway was marked as the prosecutor, and that Edwin Shumway, acted, under the appointment of the court, as foreman of the grand jury.
We do not consider that there is any thing illegal in this. We see no reason why the person appointed by the court as the foreman of the grand jury, may not be a prosecutor, as well as any other one of the grand j ury. Unless expressly disqualified by law, he is as competent to prosecute as any other person. Any one *733 member of a grand jury may be a prosecutor or an informer. It is their peculiar province to inform against, and to present, all offenders against the criminal laws of the state.
The 11th assignment of error, sets forth: “ That the record no where shows that the bill of indictment was found by the grand jury, on any evidence 'whatever, from the witnesses sworn at the cle.rk’s table, and sent to them by order of the court, or otherwise.”
It is not necessary that the. grand jury should make return of the witnesses examined, or the evidence taken before them. The •only return they are required to make, is, whether they find a true bill or not. But the record does show, and gives the names of several witnesses, immediately above the return and signature •of the foreman. If there had been any question, whether the witnesses were sworn, the .fact should have been brought to the notice of the court, and the court’s opinion taken. The prisoner’s counsel, in the grounds taken for a new trial, say, that “ it does not appear that the witnesses who were carried before the grand jury, were actually sworn, to give evidence.”
It is not alledged, that they were not sworn, it is only said, that “it does not appear that the witnesses were sworn.” Well, the court, no doubt, knew that" they were sworn, as that ceremony takes place in open court, at the clerk’s table, and the same course ■of proceeding takes place in relation to .the witnesses sworn on the trial. It is not the practice of our courts to make a record of the names, or of the swearing of the witnesses, called to testify in trials at bar, or before our grand juries;' and all the ends of justice, and of fair and legal trials, can be attained without such record being made.
The 12th assignment of error, is this, “ That the prisoner,, on his trial, was by the court deprived of his right of challenge for partiality in the juror Lord Ware, who said he had formed and expressed an opinion, from rumor, as to the guilt or innocence of the prisoner, and of several others in the same situation, and was compelled to challenge them peremptorily.”
The'bill of exceptions, as to this pointj states, “that on the trial ■of this cause, when the first juror, Lord Ware, was called, the court asked him if he was a householder or freeholder, and if he had formed or expressed an opinion as to the guilt or innocence *734 of 'the defendant. To the first branch of the question, the juror answered in the affirmative; and to the second, he answered that he had formed an opinion from rumor. The court ‘then asked him if his mind was-free to act upon the testimony that might be adduced before him? And he answered that it was. The court decided that the juror was competent, and that the defendant could not object to him -for cause. The juror was then challenged, peremptorily by the prisoner. The same, as above] occurred in regard to several other jurors, all of whom the court decided to be competent jurymen.-” .
On looking into this ground of error, the same view occurs to me, as did in the ease of The State v. Flower, reported in Walker, 318., The juror was not challenged by either party, nor sworu to answer questions; It is a settled rule that neither party has a right to interrogate a juror before iie is challenged. 1 Chitty’s Crim. Law, 546. 2 Burr’s Trial, by Carpenter, p. 70-1-2.
But, supposing the challenge to have been made, and the juror sworn to. try the issue, which he was not, being afterwards challenged peremptorily by the prisoner, did the court err in its opinion? We think not. The principles of law which apply to and govern this case, have been well ascertained ánd settled, on the ■most satisfactory and rational grounds, in this, and in other states, and we do not deem it necessary to sum them up or to discuss them again. See Walker’s Rep. 318, 392, in which cases, four of the judges of the old Supreme Court of this state' concur in opinion, that a hypothetical opinion, formed on rumor, subject to be changed by evidence on the trial, does not disqualify a person from serving on. the jury. 3 Stewart’s Rep. 465.
In this case the juror did not state that he had expressed his opinion; and for this reason, likewise, the case is not.as much in favor of the. positions assumed by the prisoner,-as those which have heretofore been decided.
The 13th and 14th assignments of error, are, that the court erred in overruling the motions for a new trial, and in arrest of judgment.
These points are disposed of in the foregoing remarks, with one exception; and that is, that on an' indictment for murder, it is not competent for the juiy to find the prisoner guilty of manslaughter; and the statute found in Howard & Hutchinson’s Code, p. 726, *735 sec. 22, as well as the constitution of our state, is relied on by the prisoner’s counsel. .
By the common law, there are several classes of criminal cases, where the accused may be acquitted of the crime charged, but found guilty of an inferior degree of the same offence; as in the case of murder, burglary, grand larceny, and assault and battery; and the statute in question having created several new degrees of offences, it was reasonable add' proper, that the provisions contained-in the said twenty-second section should have been made; and the rule there laid down, merely carries out, extends, and recognizes the rules and principles of the old law, and adapts them to the new grades of offence created, for the first time, by the provisions of the new criminal code, passed in 1-838.
The language of the twenty-second section is general, “ upon an indictment for any offence, consisting of different degrees, the jury may find the accused not guilty of the offence in the degree charged in the indictment, and may find such accused person guilty of any degree of such offence inferior to that, charged in the indictment, or of an attempt to commit such an offence.” If this statute had declared explicitly that this provision should apply only to cases arising under the statute, and to no other case, the old law on the subject would probably have been abolished. But it is not so, and we know of no rule of construction which would justify a different interpretation of this twenty-second section.
The judgment must be affirmed.